UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:22-cv-01619-MCS-JPR** | Date | May 18, 2022 |
| Title | *Johnson v. R&L Carriers Shared Servs., LLC* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

Proceedings:    (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 11), MOTION TO REMAND (ECF NO. 29), AND EX PARTE APPLICATION FOR LEAVE TO FILE SURREPLY (ECF NO. 35)

Plaintiff Albert Johnson moves to remand this action to the Los Angeles County Superior Court. (MTR, ECF No. 29.) Defendants R&L Carriers Shared Services, LLC, and R&L Carriers, Inc., filed a brief opposing the motion, (MTR Opp'n, ECF No. 32), and Plaintiff submitted a reply, (MTR Reply, ECF No. 33). The Court strikes the reply as overlong. (Initial Standing Order § 9(d), ECF No. 10 (restricting replies to 10 pages).) The Court denies as moot Defendants' ex parte application for leave to file a surreply responsive to the arguments in the reply. (Appl., ECF No. 35.)

Defendants move to dismiss the Complaint. (MTD, ECF No. 11-1.) Plaintiff filed a brief opposing the motion, (MTD Opp'n, ECF No. 25), and Defendants submitted a reply, (MTD Reply, ECF No. 28).

The Court deems both motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

# I.    BACKGROUND

According to the Complaint, Defendants previously employed Plaintiff as a nonexempt employee driver. Plaintiff alleges he and other drivers were required to perform pre-trip inspections of the trucks they drove and use their personal cellular telephones while off the clock and uncompensated. Plaintiff asserts Defendants required him and other drivers to purchase safety protective equipment and use their personal cellular telephones without reimbursement. (Compl. ¶¶ 14–21, ECF No. 1-2.) Plaintiff seeks to represent a class of nonexempt employees who worked for Defendants in California. (*Id.* ¶¶ 22–30.) Plaintiff asserts eight claims: (1) failure to pay minimum wages for all hours worked, (2) failure to pay overtime wages, (3) failure to provide meal periods, (4) failure to authorize and permit rest periods, (5) failure to indemnify necessary business expenses, (6) failure to pay wages of discharged employees, (7) failure to provide and maintain accurate and compliant wage records, and (8) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (*Id.* ¶¶ 31–95.)

# II.    MOTION TO REMAND

## A.    Legal Standard

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). The Class Action Fairness Act of 2005 ("CAFA") provides federal subject matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (5)(B). "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing S. Rep. No. 109-14, at 42 (Feb. 28, 2005)).

Although "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), the removing party bears the burden of establishing federal jurisdiction. *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal.").

## B.      Discussion

### 1.      CAFA Exceptions

Plaintiff asserts that the local controversy and discretionary home state exceptions to CAFA jurisdiction apply here. (MTR 11–23.) The party seeking remand bears the burden to show that a CAFA exception applies. *Adams v. W. Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020). Under the local controversy exception, a district court must decline to exercise jurisdiction if "more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." *Id.* at 1220 (citing 28 U.S.C. § 1332(d)(4)(A)). Under the discretionary home state exception, "a district court 'may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction' when more than *one-third* of the putative class, and the primary defendants, are citizens of the state where the action was originally filed." *Id.* (quoting 28 U.S.C. § 1332(d)(3)).

Plaintiff fails to show that either of the named defendants is a citizen of California. R&L Carriers, Inc., is a citizen of Ohio. (1st Brake Decl. ¶ 3, ECF No. 1-3.) *See* 28 U.S.C. § 1332(c)(1). R&L Shared Services, LLC, is a citizen of Ohio, South Carolina, and Florida. (2d Brake Decl. ¶ 4, ECF No. 32-1.) *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").[1] Plaintiff offers no more than speculation and a disingenuous construction of Defendants' evidence to justify its position that Defendants' principal place of business is in California. (*See* MTR 16–17 (arguing that all Defendants' executives and officers work in California based on evidence that *all but one* of Defendants' executives and officers work and reside *outside* of California).) Instead, Plaintiff's evidence supports the conclusion that Defendants are foreign to California. (*See* RJN Exs. 1–3, ECF No.

---

[1] The Court acknowledges that *Johnson* may not apply to CAFA cases. *See Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714–16 (N.D. Cal. 2021) (discussing the issue and concluding that a defendant limited liability company's "citizenship is based on its principal place of business" in CAFA cases). The Court need not take a position on the issue here. Under CAFA, an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Applying that rule would not lead to a different result. (*See* 1st Brake Decl. ¶ 4 (providing that R&L Shared Services, LLC, is organized in Ohio and has its principal place of business in Ohio).)

30 (records demonstrating Defendants were organized in Ohio).)[2] Plaintiff has not met his burden to show Defendants are California citizens. The CAFA exceptions do not apply.

The Court denies Plaintiff's request for jurisdictional discovery. (MTR 18.) *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (affirming denial of jurisdictional discovery "based on little more than a hunch that it might yield jurisdictionally relevant facts").

### 2.   Amount in Controversy

Plaintiff also contends Defendants have not shown $5 million is in controversy. (MTR 23–24.) Where the amount in controversy is not apparent from the face of the complaint, the removing party is "required to show the amount in controversy by the preponderance of the evidence." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022); *see Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). While generally "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," where a plaintiff or the court contests the amount in controversy put forth by the defendant, "[e]vidence establishing the amount is required . . . ." *Dart Cherokee Basin*, 574 U.S. at 89. The parties, thus, "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "Under this system, a defendant cannot

---

[2] The Court grants Plaintiff's unopposed request for judicial notice of registration documents on file with the California and Ohio Secretaries of State. Fed. R. Evid. 201(b). Plaintiff also offers a document concerning a dissolved California corporation called RL Carriers, Inc. (RJN Ex. 4, ECF No. 30.) Although Plaintiff presents no argument concerning this entity, Defendants submit that RL Carriers, Inc., is unaffiliated with them. (2d Brake Decl. ¶ 6.) The Court declines to infer that Defendants or their business entity predecessors are or were organized in California based on the document concerning RL Carriers, Inc. In any event, the entity has no plausible relationship to the class claims here given that the class period began after the entity dissolved. (*Compare* RJN Ex. 4 (providing dissolution date of Jan. 10, 2018), *with* Compl. ¶ 24 (providing class period beginning "four years before the filing of the initial complaint" in document filed Jan. 18, 2022).)

establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

Plaintiff asserts that the evidence Defendants offer concerning the amount in controversy is inadequate because Defendants' declarant, Daniel Brake, has not established personal knowledge of the facts in his first declaration, which was submitted with the removal papers. (MTR 11, 23–24.) Mr. Brake's second declaration clarifies any ambiguity as to his personal knowledge: he is familiar with the subject matter of his declarations based on his duties, responsibilities, and obligations as Vice President and Associate General Counsel for R&L Shared Services, LLC, and based on his review of human resources records kept in the normal course of the LLC's business. (*See* 2d Brake Decl. ¶¶ 2, 5.) The declarations are adequate to support Defendants' showing as to the amount in controversy. *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position."); *see, e.g.*, *Tennison v. Hub Grp. Trucking, Inc.*, No. LA CV20-05076 JAK (SPx), 2020 U.S. Dist. LEXIS 243452, at *19–21 (C.D. Cal. Dec. 28, 2020) (denying motion to remand upon evidence provided by defense declarant who was "generally familiar with Defendants' operations at 30 facilities in California"); *Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 U.S. Dist. LEXIS 99171, at *9–14 (C.D. Cal. July 28, 2015) (rejecting challenge to defense declaration supporting amount in controversy where declarant "demonstrated a general familiarity with the kind of data that was accessed from J. Crew's record keeping system to prepare the reports from which her declaration was generated, as well as how that information would have been accessed").

Plaintiff's challenge is limited to the evidentiary sufficiency of Mr. Brake's declaration; Plaintiff has not contested the reasonableness of Defendants' estimate of the amount in controversy. The Court finds Defendants' estimates of the value of the meal and rest period claims and the potential attorney's fees reasonable. (Notice of Removal ¶¶ 22–30, ECF No. 1.) Defendants show by a preponderance of the evidence that the amount in controversy exceeds $5 million.

The Court has jurisdiction over this action. The motion to remand is denied.

## III.   MOTION TO DISMISS

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B.   Discussion

#### 1.   Preemption

Defendants contend some of Plaintiff's claims are preempted by the Federal Motor Carrier Safety Act and regulations promulgated thereunder. (MTD 14–18.) The Federal Motor Carrier Safety Administration ("FMCSA") issued regulations governing the hours of service of drivers of commercial motor vehicles, and the Ninth Circuit has recognized that the regulations preempt California's meal and rest break laws "as applied to operators of property-carrying motor vehicles subject to the federal hours-of-service regulations." *Int'l Bhd. of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin*, 986 F.3d 841, 848 (9th Cir. 2021).

The issue is not ripe for determination on this motion. Defendants assume that Plaintiff was a driver of a property-carrying motor vehicle to whom FMCSA regulations apply. That fact rests outside the four corners of the Complaint, which identifies Plaintiff only as a "driver" of a "truck." (Compl. ¶¶ 7, 14, 16.) The pleaded

facts are insufficient for the Court to find that Plaintiff fell within the ambit of the FMCSA regulations. Consequently, the Court cannot resolve the preemption question on this motion. All the decisions Defendants cite that resolved an FMCSA regulation preemption issue on a Rule 12(b)(6) motion rested on pleaded allegations that the plaintiffs were drivers of property-carrying motor vehicles. *See Alvarez v. XPO Logistics Cartage, LLC*, No. 18-cv-03736-RGK (E), 2021 U.S. Dist. LEXIS 172182, at *2 (C.D. Cal. Mar. 30, 2021); *Sales v. United Rd. Servs., Inc.*, No. 19-cv-08404-JST, 2020 U.S. Dist. LEXIS 127833, at *1–2 (N.D. Cal. July 17, 2020); *Connell v. Heartland Express, Inc.*, No. 2:19-cv-09584-RGK-JC, 2020 U.S. Dist. LEXIS 29235, at *2 (C.D. Cal. Feb. 6, 2020).

Defendants invite the Court to treat Plaintiff's decision not to dispute that he engaged in interstate trucking activity as an admission of the facts necessary to show the FMCSA regulations apply to him. (MTD Reply 7–8.) The Court will not rest its decision on an undisputed fact outside the pleadings or convert this motion to a motion for summary judgment. Fed. R. Civ. P. 12(d). Nonetheless, the Court acknowledges that Plaintiff might have avoided the preemptive effect of FMCSA regulations here simply because his Complaint is severely underpleaded, for reasons discussed below. Plaintiff risks sanctions if he lacks a good faith basis upon which to prosecute his meal and rest break claims under California law. *See* Fed. R. Civ. P. 11(b).

This component of the motion is denied without prejudice to renewal upon further factual development.[3]

## 2. *Twombly/Iqbal*

Defendants contend the Complaint is overly conclusory and that Plaintiff has not pleaded enough facts to make any of his claims plausible. (MTD 5–14.) The Court agrees. The Complaint is replete with legal conclusions masquerading as facts. The only salient, nonconclusory facts pleaded here are that "Plaintiff and the Class were required to arrive at work early in order to perform pre-trip inspections of the truck, including safety checks, off the clock and uncompensated," that "Plaintiff and

---

[3] In a footnote in the reply, Defendants also ask the Court to dismiss R&L Carriers, Inc., on the basis that it was not Plaintiff's employer. (Reply 7 n.3.) The Court declines to consider this argument, which was presented for the first time in the reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

the Class were required to use their own personal cellular telephones for work-related purposes while off the clock and uncompensated" and "without reimbursement," and that Defendants required Plaintiff and the Class to "purchase . . . safety protective equipment" "without reimbursement." (Compl. ¶¶ 16, 19.) The rest of the Complaint consists of boilerplate allegations closely tracking the elements of the claims without any factual content pertaining specifically to Plaintiff or the class. The deficiencies are obvious, but the Court briefly discusses why the allegations are insufficient to sustain each claim.

The claims for minimum and overtime wage violations are not supported by sufficient facts to make plausible Plaintiff's assertion that he and the putative class were not paid for all hours worked and for all overtime worked. (Compl. ¶¶ 31–49.) Federal pleading standards require more than the threadbare facts presented here concerning uncompensated time the class spent performing safety checks and using personal cellular telephones. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2015) (rejecting Fair Labor Standards Act minimum wage and overtime claim based on "generalized allegations asserting violations" without "'sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference'" of violations (alteration in original) (quoting *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013))); *see also Barajas v. Blue Diamond Growers Inc.*, No. 1:20-cv-0679 JLT SKO, 2022 U.S. Dist. LEXIS 68791, at *32–33 (E.D. Cal. Apr. 13, 2022) (collecting authorities for the proposition that the pleading standards applied in *Landers* to Fair Labor Standards Act claims "extend[] to claims under the California Labor Code"). Plaintiff similarly fails to provide factual content necessary to sustain his meal and rest break claims and his claim for failure to provide accurate wage records. (Compl. ¶¶ 50–57, 69–76.) *See, e.g.*, *Barajas*, 2022 U.S. Dist. LEXIS 68791, at *47 (dismissing rest break claim where plaintiffs failed to "identify any specific occasions when they were not provided the required rest period"); *Archuleta v. Avcorp Composite Fabrication, Inc.*, No. CV 18-8106 PSG (FFMx), 2019 U.S. Dist. LEXIS 71443, at *8 (C.D. Cal. Feb. 5, 2019) (dismissing meal break claim because plaintiff had not "identified any specific instance in which he was not provided with a meal break he was due" or "the manner in which he was denied a meal break"); *Ramirez v. Manpower, Inc.*, No. 5:13-CV-2880-EJD, 2014 U.S. Dist. LEXIS 4072, at *18 (N.D. Cal. Jan. 10, 2014) (dismissing wage statement claim where plaintiff "merely parrot[ed] the language of the statute" and "f[ell] short of providing any factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged").

As confirmed by the authority Plaintiff cites in his brief, (MTD Opp'n 16 (citing *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016))), Plaintiff does not plead enough facts concerning the purchase and use of safety protective equipment and personal cellular telephones to state a claim for failure to indemnify necessary business expenses. (Compl. ¶¶ 19, 58–61.) Plaintiff does not state which safety equipment and telephone expenses were not reimbursed, when or how often he and class members were not indemnified, or any other attendant facts necessary to provide Defendants with fair notice of the facts upon which the claim is based. *Tan*, 171 F. Supp. 3d 1005 ("Merely alleging failure to reimburse unspecified work-related expenses is not enough to state a Section 2802 claim. Instead, Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." (citations omitted)); *see also, e.g.*, *Reyna v. WestRock Co.*, No. 20-cv-01666-BLF, 2020 U.S. Dist. LEXIS 153575, at *30 (N.D. Cal. Aug. 24, 2020) ("Plaintiff further alleges that Plaintiff and other putative class members were required to wear 'steel-toe work boots' and 'buy tools' but fails to allege facts as to why these items were 'reasonable and necessary' to perform their jobs or whether Defendants 'knew or had reason to know' that the employees incurred those expenses.").

Plaintiff does not offer any argument opposing the motion to dismiss his claims for failure to pay final wages at termination and violation of the UCL. The Court deems the motion conceded as to these claims. *See, e.g.*, *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived."). The claims are dependent on other claims that are insufficiently pleaded. (*See* Compl. ¶¶ 62–68, 77–95.) They fail accordingly. *See, e.g.*, *Reyna*, 2020 U.S. Dist. LEXIS 153575, at *31 (dismissing derivative UCL claim); *Archuleta*, 2019 U.S. Dist. LEXIS 71443, at *9–10 (dismissing claims for failure to pay wages upon termination and violation of UCL predicated on other dismissed claims). Irrespective of its dependence on other claims, the final wages claim also requires more factual detail. *See, e.g.*, *Lopez v. Aerotek, Inc.*, No. SACV 14-00803-CJC (JCGx), 2015 U.S. Dist. LEXIS 97086, at *9 (C.D. Cal. July 23, 2015) (dismissing claim because "Plaintiff does not even generally allege what wages were earned and paid at the time of termination, nor does she allege how and in what manner any final wage payment was untimely under the Labor Code").

All the claims must be dismissed for failure to allege sufficient factual content to support Plaintiff's legal theories.

3.   <u>Leave to Amend</u>

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).

Plaintiff may be able to cure the deficiencies in his pleading by adding factual allegations supporting his claims. Given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted), the Court gives Plaintiff leave to amend.

## IV.   CONCLUSION

The ex parte application to file a surreply is denied. The motion to remand is denied. The motion to dismiss is granted in part and denied in part. The Complaint is dismissed in its entirety. Plaintiff may file an amended complaint no later than 14 days from the date of this Order if he can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Failure to file a timely amended complaint will waive the right to do so. Leave to add new defendants or claims must be sought by a separate, properly noticed motion.

The Court reminds the parties of their obligation to discuss thoroughly the substance of a contemplated motion before the filing of the motion. C.D. Cal. R. 7-3. Plaintiff submits that the prefiling conference held in anticipation of the motion to dismiss was insufficient. (MTD Opp'n 9–10.) The Court has resolved both motions on the merits without determining whether the prefiling conferences supporting them were adequate. Regardless, the Court is confident that several of the issues presented in the motions could have been resolved by more thorough conferences of counsel. Unnecessary motion practice will not be tolerated in this or any action.

**IT IS SO ORDERED.**