1 | Kane Moon (Cal. SBN 249834)
    kane.moon@moonyanglaw.com
2 | Roy K. Suh (Cal. SBN 283988)
    roy.suh@moonyanglaw.com
3 | **MOON & YANG, APC**
1055 West Seventh Street, Suite 1880
4 | Los Angeles, California 90017
Telephone:  (213) 232-3128
5 | Facsimile:   (213) 232-3125

6 | Attorneys for Plaintiff ALBERT JOHNSON

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | ALBERT JOHNSON, individually, and on behalf of all others similarly situated,

        Plaintiff,

    v.

R&L CARRIERS SHARED SERVICES, LLC, a limited liability company; R&L CARRIERS, INC., an Ohio corporation; and DOES 1 through 10, inclusive,

        Defendants.

Case No.: 2:22-cv-01619-MCS-JPR
*Assigned to the Honorable Mark C. Scarsi*

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1. Failure to Pay Minimum Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, 1197);
2. Failure to Pay Overtime Compensation (Cal. Lab. Code §§ 1194 and 1198);
3. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512);
4. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code § 226.7);
5. Failure to Indemnify Necessary Business Expenses (Cal. Lab. Code § 2802);
6. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203);
7. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);
8. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and
9. Civil Penalties Under PAGA (Cal. Lab. Code §§ 2699, *et seq.*)

**DEMAND FOR JURY TRIAL**

PAGA Case No.
LWDA-CM-862197-22:     01/11/2022
State Action Filed:       01/18/2022
Removed:             03/10/2022
Trial Date:             Not Set

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## **TABLE OF CONTENTS**

INTRODUCTION & PRELIMINARY STATEMENT ............................................1

THE PARTIES .........................................................................................................6

    A.   Plaintiff ...................................................................................... 6

    B.   Defendant................................................................................... 14

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ....................................16

CLASS ACTION ALLEGATIONS .......................................................................20

FIRST CAUSE OF ACTION ...............................................................................25

SECOND CAUSE OF ACTION ...........................................................................26

THIRD CAUSE OF ACTION ...............................................................................28

FOURTH CAUSE OF ACTION ............................................................................29

FIFTH CAUSE OF ACTION ................................................................................30

SIXTH CAUSE OF ACTION ................................................................................31

SEVENTH CAUSE OF ACTION ..........................................................................33

EIGHTH CAUSE OF ACTION .............................................................................34

NINTH CAUSE OF ACTION ...............................................................................38

PRAYER FOR RELIEF ......................................................................................41

DEMAND FOR JURY TRIAL ..............................................................................45

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

i

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff Albert Johnson ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.    Plaintiff brings this action against Defendants R&L Carriers Shared Services, LLC, R&L Carriers, Inc., and Does 1 through 10 (Defendants are collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2.    Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.    Plaintiff brings the Ninth Cause of Action as a representative action under the California Private Attorneys General Act ("PAGA") to recover civil penalties that are owed to Plaintiff, the State of California, and past and present non-exempt, hourly-paid employees of Defendants who worked in California during the applicable statute of limitations period (hereinafter referred to as the "Aggrieved Employees").

4.    Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Los Angeles County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

5.      Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a)    Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)    Failing to indemnify employees for necessary business expenses incurred;

(e)    Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(f)    Failing to maintain accurate records of the hours that employees worked; and

(g)    Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

6.      In 1935, Congress enacted the Motor Carrier Act ("MCA") "to promote efficiency and safety in interstate motor transportation." *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222 n. 2 (2nd Cir. 2002); *see* William E. Kenworthy,

2

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Transportation Safety and Insurance Law § 4.01 (3rd ed. 2005). The MCA endowed the Interstate Commerce Commission ("ICC") "with the power to impose economic regulations such as licensing, certificate, and permit requirements on common and contract carriers, but not on private carriers." *Bilyou*, 300 F.3d at 227.

7.    "In 1966, Congress enacted the 'Department of Transportation Act,' which transferred the authority to regulate safety operations for motor vehicles under the MCA from the ICC to the Department of Transportation." *Bilyou*, 300 F.3d at 222 n. 2. "Congress abolished the ICC on January 1, 1996 and transferred many of its functions to the newly created Surface Transportation Board, an agency within the Department of Transportation." *Ibid*.

8.    Presently, the Secretary of the Department of Transportation has jurisdiction over transportation by motor carriers in interstate commerce pursuant to the MCA. *See* 49 U.S.C. § 13501. The MCA defines a "motor carrier" as "a person providing commercial motor vehicle . . . transportation for compensation." 49 U.S.C. § 13102(14). The MCA defines a "motor private carrier" as "a person, other than a motor carrier, transporting property by commercial motor vehicle . . . when—(A) the transportation is as provided in section 13501 of this title [49 U.S.C. § 13501]; (B) the person is the owner, lessee, or bailee of the property being transported; and (C) the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise." 49 U.S.C. § 13102(15).

9.    The Federal Motor Carrier Safety Administration ("FMCSA") reports directly to the Secretary of the Department of Transportation (*see* 49 C.F.R. § 1.2(a)(3)) and "[i]s responsible for" among other things "(a) Managing program and regulatory activities, including administering laws and promulgating and enforcing regulations on safety matters relating to motor carrier safety[.]" 49 C.F.R. § 1.86(a).

10.    The FLSA, enacted three years after the MCA, provides, among other things, that no employer shall employ an employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, less than minimum wages for all

3

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

hours worked. 29 U.S.C. § 206. "Employer" is defined under the Act to be "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). An "employee" is any individual employed by an employer. 29 U.S.C. § 203(e)(1). The term "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g).

11.    The FSLA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions including in a suit by "one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Pursuant to 29 U.S.C. § 255, a three-year statute of limitations applies to willful violations of the FLSA.

12.    The FLSA exempts categories of employees from its overtime requirements and those exemptions are to be narrowly construed. *Martin v. Malcolm Pirnie, Inc.,* 949 F.2d 611, 614 (2d Cir.1991) (citations omitted). The burden of proving that an employee falls within a particular FLSA exemption lies with the employer. *Ibid.* Section 213(b)(1) of the FLSA provides that the overtime pay provisions of section 207 do not apply with respect to employees falling under the MCA.

13.    California similarly exempts categories of employees from its overtime requirements as provided in IWC Wage Order 9-2001, § 3(L)(1) & (2), which states: "(L) The provisions of this section are not applicable to employees whose hours of service are regulated by: (1) The United States Department of Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, Hours of Service of Drivers; or (2) Title 13 of the California Code of Regulations, subchapter 6.5, Section 1200 and the following sections, regulating hours of drivers."

14.    Activities of both the employer and the employee are necessarily considered when determining the applicability of the MCA exemption. *See Dauphin v. Chestnut Ridge Transp., Inc.,* 544 F.Supp.2d 266, 273 (S.D.N.Y.2008) ("Whether the motor carrier exemption applies to an employee depends on the nature of both the employer's and employees' activities.") (citing 29 C.F.R. § 782.2(a)).

(a)    According to the FMCSA's public website of the "[c]ompanies that

4

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

operate commercial vehicles transporting passengers or hauling cargo in interstate commerce must be registered with the FMCSA and must have a USDOT Number. Also, commercial intrastate hazardous materials carriers who haul types and quantities requiring a safety permit must register for a USDOT Number." *What is a USDOT Number?,* FMCSA, U.S. DEP'T TRANSPORTATION, https://www.fmcsa.dot.gov/registration/do-i-need-usdot-number (last visited June 2, 2022). "The USDOT Number serves as a unique identifier when collecting and monitoring a company's safety information acquired during audits, compliance reviews, crash investigations, and inspections." *Ibid.* Additionally, California and other states, require "require their *intrastate* commercial motor vehicle registrants to obtain a USDOT Number." *Id.* (emphasis added). *See D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120, 2013 WL 3010810, at *10-11 (E.D.N.Y. June 18, 2013) (denying a defendant's motion for summary judgment because a defendant represented it engaged in intrastate operations and "never obtained a Motor Carrier Number").

(b)  In order for the MCA exemption to an employee, the employee must "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a)(2). For drivers, "interstate transportation is a natural, integral, and inseparable part of a worker's duties if the worker is likely to be called on to perform interstate travel, irrespective of how many hours the worker actually devotes to affecting the safety of vehicles engaged in interstate transportation." *Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC,* 865 F.Supp.2d 257, 266 (E.D.N.Y.2012)

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

(quotation marks and citations omitted). An employee is not exempt under the MCA during any particular workweek where his or her activities of an interstate character "have no substantial direct effect on safety of operations" or where those "safety-affecting activities are so trivial, casual, and insignificant as to be *de minimis*." *Dauphin,* 544 F.Supp.2d at 274) (quoting 29 C.F.R. § 782.2(b)(3)).

15.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

16.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

### A.    Plaintiff

17.    Plaintiff is a California resident that worked for Defendants in the County of Los Angeles, State of California, as a driver from approximately July 2020 to May 2021.

(a)    Plaintiff's employment, which lasted roughly 43 weeks, commenced during the COVID-19 pandemic, which, in Los Angeles and surrounding California counties, led to "stay at home" orders starting around March 2020.

1)    After Plaintiff's initial training and orientation, Plaintiff regularly commenced his daily shifts in the late evening at Defendant's location in Fontana, California and later in Irwindale, California.

2)    Plaintiff estimates that he drove for Defendants wholly intrastate

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

roughly 90% of the times he drove for Defendants including between regular pick up and drop off locations in Fontana, California; Irwindale, California; Desert Center, California; Los Angeles, California; and San Diego, California, among other locations and that driving across state lines was the exception to Plaintiff's and other drivers' regular intrastate work. As a result, Plaintiff was not exempt under the MCA for most if not all workweeks because interstate transportation was not a natural, integral, and inseparable part of a Plaintiff's duties.

3)  Plaintiff believes Defendant's own logs of Plaintiff's driving will show Plaintiff drove for weeks and weeks at a time wholly intrastate and that his intrastate trips, during a shift, would take anywhere from around eight hours of driving and up to around 12 hours of driving, which did not include work Plaintiff performed before or after actually driving.

(b)  Plaintiff regularly worked, but did not always work, over 40 hours per week, typically working five days per seven-day workweek for which Defendants issued Plaintiff wage statements, which covered seven-day pay periods with the name "R+L CARRIERS SHARED SERVICES, LLC" on them. For instance, Plaintiff's wage statements show during the workweeks and pay periods of:

1)  08/16/2020 to 08/22/2020, Defendants credited Plaintiff with "Total Hours Worked" of 56.87 hours;

2)  08/23/2020 to 08/29/2020, Defendants credited Plaintiff with "Total Hours Worked" of 61.30 hours;

3)  11/01/2020 to 11/07/2020, Defendants credited Plaintiff with "Total Hours Worked" of 40.77 hours;

4)  11/29/2020 to 12/05/2020, Defendants credited Plaintiff with

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

"Total Hours Worked" of 50.00 hours;

5)    01/03/2021 to 01/09/2021, Defendants credited Plaintiff with "Total Hours Worked" of 43.96 hours; and

6)    02/14/2021 to 02/20/2021, Defendants credited Plaintiff with "Total Hours Worked" of 43.46 hours.

(c)    Plaintiff worked regularly under the supervision of "Frank" and "Richard" who Plaintiff believes regularly maintained an office in Defendants' Fontana location and may have held the title "Dock Supervisor" during Plaintiff's employment.

1)    Near the outset of Plaintiff's employment, Frank instructed Plaintiff and other truck drivers to arrive 30 minutes prior to the start time of their paid shifts to conduct pre-trip inspections and other tasks while off the clock and unpaid.

2)    Specifically, Frank told Plaintiff that Plaintiff needed to clock-in using an electronic timekeeping system located in an office in Defendants' Fontana location when Plaintiff's scheduled shift was about to start – but not when Plaintiff arrived early to conduct pre-trip inspections and other tasks.

3)    In keeping with Frank's instructions, Plaintiff estimates for each of Plaintiff's shifts, Plaintiff arrived around 30 minutes prior to the time Frank scheduled Plaintiff to start driving and, in some cases, closer to 15 minutes prior. As a result, Plaintiff conservatively estimates that during the workweeks listed in paragraph 17(b) and subparagraphs 1)-6) above, Defendants did not credit or compensate Plaintiff for approximately one and a half to two and half hours of work on average during a workweek, which would result in unpaid minimum or overtime wages.

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

4)    During these instances of off-the-clock work, Plaintiff would perform tasks such as retrieving bills of lading and other work instructions from Frank or other supervisors, check his truck's fluid levels, tire pressure; and sanitize his vehicle as a COVID-19 safety measure. After these pre-trip tasks were performed, Plaintiff would power on his truck and create a separate time record on the truck's electronic timekeeping system before finally departing for a trip.

(d)    Plaintiff also worked regularly under the supervision of "Wally" who Plaintiff believes regularly maintained an office in Defendants' Fontana location and may have held the title "Terminal Manager" during Plaintiff's employment.

1)    During Plaintiff's employment Wally and Frank instructed to "power down" his truck within the first four and a half hours of the time Plaintiff started driving during a shift so that the truck's timekeeping system would suggest that Plaintiff took a meal period during the first five hours of Plaintiff's shift.

2)    However, Defendant did not relieve Plaintiff of all of Plaintiff's duties during the times Plaintiff powered down his truck including because Defendants required Plaintiff to maintain control or watch over his vehicle when Plaintiff was transporting hazardous materials, which Plaintiff estimates he transported during most of his trips, when Plaintiff was unable to park his truck in a secure location (such as within the confines of Defendants' terminal areas). During these times, Defendants knowingly failed to relieve Plaintiff of all of Plaintiff's duties even while Defendants knew that Plaintiff was off the clock for wage payment purposes. For the same reasons, Plaintiff was not

9

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

relieved of all duties during his so-called ten-minute rest periods.

3)   Moreover, even when the records of Plaintiff's time worked showed Plaintiff powered down his vehicle at or near the fifth hour of work, when accounting for the off the clock work Plaintiff regularly worked, Plaintiff contends that his meal periods were actually late, even if Defendants' time records suggest that Plaintiff started and ended his meal periods on time.

4)   Plaintiff also believes Defendants required Plaintiff and other drivers to sign meal period waivers to avoid paying Plaintiff for missed, late or unrecorded meal periods. However, Plaintiff contends California law forbids prospective blanket waivers and instead requires waivers obtained on a shift-by-shift basis. *See, e.g., Saechao v. Landry's Inc*., 2016 U.S. Dist. LEXIS 33409, at *8 (N.D. Cal. 2016); Division of Labor Standards Enforcement ("DLSE") Letter 08.13.03, pp. 8-9 (stating "As a statutorily protected right, the decision to forego a meal period must be made personally by each worker on a daily basis…Therefore, blanket waivers of meal periods…will not be considered valid.").

5)   For the foregoing reasons, Plaintiff conservatively estimates that his entitlements to meal periods and rest periods were violated about twice a week each during which times Defendants did not pay Plaintiff any premium payments including during the workweeks listed in paragraph 17(b) and subparagraphs 1)-6) above. However, Plaintiff notes that this a conservative estimate and that Defendants' time records and driver logs including those that Plaintiff created electronically in Defendants' office locations and separately when recording time on Defendants' trucks would allow Plaintiff to provide a more accurate

10

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

estimation of meal and rest period violations suffered during Plaintiff's employment.

(e) Throughout Plaintiff's employment, Defendants did not reimburse Plaintiff for necessary business expenditures that Defendants knew Plaintiff was expending to perform his duties to including personal cellphone use and the purchase of gloves.

1) Plaintiff contends Defendants' supervisors including Frank and Richard called Plaintiff on Plaintiff's personal cellphone to provide Plaintiff work instructions and to make Plaintiff report about the status of his work. Plaintiff conservatively estimates Defendants' supervisors contacted Plaintiff on Plaintiff's personal cellphone around twice a shift on average and, during some shifts, several more than that.

2) Defendants' supervisors including Frank and Richard knew they were calling Plaintiff's personal cellphone each time they did so including because Plaintiff asked Richard if Defendants would allow Plaintiff to use a company-issued cellphone and Richard told Plaintiff that Defendants' company-issued cellphones were only for "pick up and delivery" or "P-D" drivers and not for other drivers like Plaintiff.

3) Plaintiff does not believe that Defendants ever reimbursed Plaintiff for cellphone use because there is nothing on Plaintiff's wage statements that suggest Defendants ever reimbursed Plaintiff for any reason. As a result, Plaintiff conservatively estimates that during the workweeks listed in paragraph 17(b) and subparagraphs 1)-6) above, Defendants contacted Plaintiff on Plaintiff's cellphone for work-related purposes at least one time per workweek, but failed to reimburse him for the costs

11

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

incurred.

4) Plaintiff also contends that Frank knew that Plaintiff spent personal funds to purchase gloves to use as personal protective equipment several times during Plaintiff's employment. Because Plaintiff often transported hazardous materials, Plaintiff asked Frank for gloves to perform his work including to protect Plaintiff's hands from coming into contact with chemicals that could damage Plaintiff's skin.

5) On various occasions, Frank provided Plaintiff gloves to use but on other occasions, Frank told Plaintiff that he had no gloves to provide Plaintiff and that Plaintiff would have to purchase gloves on his own.

6) As a result, Plaintiff contends he purchased several sets of gloves with his own personal funds during his employment and estimates spending approximately $100 or so dollars doing so, for which Defendants failed to reimburse him for the costs incurred.

(f) Near the end of Plaintiff's employment, Defendants assigned Plaintiff to regularly start his shifts at Defendants' Irwindale, California location where Plaintiff worked regularly under the supervision of "Chris" who Plaintiff believes regularly maintained an office in Defendants' Irwindale location and may have held the title "Terminal Manager" during Plaintiff's employment.

1) During the workweek and pay period 04/18/2021 to 04/24/2021, Defendants credited Plaintiff with "Total Hours Worked" of 31.17 hours, which, based on the best of Plaintiff's recollection was for work performed wholly intrastate.

2) On or about May 6, 2021, Plaintiff tendered his immediate

12

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

resignation orally to Chris while at Defendants' Irwindale location and during a meeting involving Chris and Defendants' manager or supervisor whose name Plaintiff believes is "Debbie" or "Debra." When Plaintiff tendered his resignation during the meeting, Chris asked Plaintiff to do the same in writing, which Plaintiff did that same day. When Plaintiff asked Chris for a copy of Plaintiff's written notice, Chris consulted with Debbie and they denied Plaintiff's request.

3)   Despite Plaintiff's tender of his written notice of immediate resignation, Plaintiff believes that Defendant failed to process Plaintiff's final wages within 72 hours and, based on the best of Plaintiff's recollection, Defendants required Plaintiff to wait until at least the next regular pay day to receive Plaintiff's final wages in violation of California law.

4)   Defendants' declarant Mr. Daniel J. Brake declared "Johnson was employed by Shared Services as a full-time driver from July 13, 2020 to May 15, 2021." ECF No. 1-3 at ¶ 7. But Plaintiff disputes Mr. Brake's claim. Plaintiff further contends that Defendants willfully failed to process Plaintiff's final wages within 72 hours with all of Plaintiff's wages due.

5)   When Defendants belatedly processed and provided Plaintiff with Plaintiff's final wages, Plaintiff believes Defendants failed to credit or compensate Plaintiff with all of his hours worked during the pay period including for the time spent during Plaintiff's meeting with Chris and Debbie and failed to pay any waiting time penalties.

18.   Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, to establish suitable representative(s) pursuant to *La Sala v.*

13

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  *American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, or other applicable law.

2  ### B.  **Defendants**

3      19.    Plaintiff is informed and believes, and based upon that information and belief

4  alleges, that Defendant R&L Carriers, Inc. is:

5          (a)    An Ohio corporation, who Plaintiff believes, had its principal place of

6                 business in Los Angeles, California but who Defendants have admitted

7                 lacks authority to do business in California including by stating "It is a

8                 holding company only and is not registered to do business in

9                 California." Brake Decl., ECF No. 1-3 at ¶ 3.;

10         (b)    A business entity conducting business in numerous counties throughout

11                the State of California, including in Los Angeles County;

12         (c)    A business entity, who at all relevant times, did not possess federal

13                motor carrier authority issued under the Federal Motor Carrier Safety

14                Act and who, despite being provided opportunities during the Parties'

15                meet and confer communications memorialized in this Court's records

16                (*see e.g.,* Declaration of Roy K. Suh, ECF No. 15 at ¶ 15) and during

17                motion practice wherein in Plaintiff alleged Defendant R&L Carriers,

18                Inc. failed to meet its burden to prove it possessed federal motor carrier

19                authority (*see e.g.,* Memorandum in Support of Plaintiff's Opposition

20                to Defendants' Motion to Dismiss, ECF No. 25 at pp. 17:19-19:12), has

21                offered no proof to the contrary (*see* Reply in Support of Defendants'

22                Motion to Dismiss, ECF No. 28 at pp. 8:11-9:22);

23         (d)    The former employer of Plaintiff, and the current and/or former

24                employer of the putative Class. Defendants suffered and permitted

25                Plaintiff and the Class to work, and/or controlled their wages, hours, or

26                working conditions; and

27         (e)    At all times mentioned herein, Defendants, and each of them, are and

28                were joint employers of Plaintiff and the Class.

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

14

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

20.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant R&L Carriers Shared Services, LLC is:

     (a)    An Ohio limited liability company, who Plaintiff believes had its principal place of business in Los Angeles, California and who the State of California authorized to conduct, and who did conduct business in California under California Secretary of State file number: 201507110300 including while representing its "Type of Business" as a "Payroll" business;

     (b)    A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County;

     (c)    A business entity, who at all relevant times, did not possess federal motor carrier authority issued under the Federal Motor Carrier Safety Act and who, despite being provided opportunities during the Parties' meet and confer communications memorialized in this Court's records (*see e.g.,* Declaration of Roy K. Suh, ECF No. 15 at ¶ 15) and during motion practice wherein in Plaintiff alleged Defendant R&L Carriers, Inc. failed to meet its burden to prove it possessed federal motor carrier authority (*see e.g.,* Memorandum in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. 25 at pp. 17:19-19:12), has offered no proof to the contrary (*see* Reply in Support of Defendants' Motion to Dismiss, ECF No. 28 at pp. 8:11-9:22);

     (d)    The former employer of Plaintiff, and the current and/or former employer of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions; and

     (e)    At all times mentioned herein, Defendants, and each of them, are and were joint employers of Plaintiff and the Class.

21.     Plaintiff does not currently know the true names or capacities of the persons

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

15

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

22.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

23.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24.    Plaintiff is a California resident who worked for Defendants in the County of Los Angeles, State of California, as a driver from approximately July 2020 to May 2021. During the statutory period, Defendants classified Plaintiff as non-exempt from California's overtime requirements, and paid Plaintiff an hourly wage.

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

25.     Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

26.     Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. Plaintiff and the Class were required to "work off the clock" and uncompensated. For example, Plaintiff and the Class were required to arrive at work early in order to perform pre-trip inspections of the truck, including safety checks, off the clock and uncompensated. Further, Plaintiff and the Class were required to use their own personal cellular telephones for work-related purposes while off the clock and uncompensated. In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

27.     Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

28.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

17

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

29.    Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement, such as the purchase of safety protective equipment. Also, Plaintiff and the Class were required to use their own personal cellular telephones for work-related purposes, without reimbursement.

30.    Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages. Defendants also did not pay the final wages timely after termination. Defendants also failed to pay Plaintiff and the Class their final paychecks in a timely manner promptly upon termination.

31.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were

not authorized and permitted to take in accordance with California law, and Defendant's address). Further, the wage statements do not show Defendant's address as required by California law. As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a)    the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b)    the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)    the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security,

19

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

disability, unemployment, and other governmental benefits; and

(h)     the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff, the Class and Aggrieved Employees are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23(a) and one or more of the three conditions of Federal Rule of Civil Procedure 23(b).

33.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

34.     The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

35.     At all material times, Plaintiff was a member of the Class.

36.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

37.     This Court should permit this action to be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because the four Federal Rule of Civil Procedure 23(a) prerequisites of numerosity, commonality, typicality, and adequacy of representation are present.

(a)     Fed. R. Civ. P. 23(a)(1) Numerosity: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire

20

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)  <u>Fed. R. Civ. P. 23(a)(2) Commonality</u>: The members of the Class (and each subclass, if any) have common claims such that determinations of their truths or falsities will resolve an issue that is central to the validity of each of common claim, including without limitation, whether, as alleged herein, Defendants have:

1)  Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

2)  Failed to provide meal periods and pay meal period premium wages to Class Members;

3)  Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

4)  Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

5)  Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

6)  Failed to reimburse Class Members for all necessary business expenses; and

7)  Violated California Business and Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

(c)  <u>Fed. R. Civ. P. 23(a)(3) Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

(d)     <u>Fed. R. Civ. P. 23(a)(4) Adequacy</u>: Plaintiff and Plaintiff's attorneys have and will continue to adequately protect the interests of the Class, including because:

1)     Plaintiff, by and through Plaintiff's counsel, is qualified to, and will, vigorously, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member; and

2)     Plaintiff has no conflicts with or interests antagonistic to any Class Member.

38.     This Court should permit this action to be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because one or more of the three Federal Rule of Civil Procedure 23(b) conditions of predominate common questions of law and fact, the lack of individualized defenses, and the superiority of a class action as a method for adjudicating this controversy exist.

(a)     <u>Fed. R. Civ. P. 23(b)(1) Common Questions Predominate</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy because there are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members and prosecuting separate actions by or against individual Class Members would create a risk of:

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants.

(b)    <u>Fed. R. Civ. P. 23(b)(2) Individualized Defenses Do Not Exist</u>: Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

(c)    <u>Fed. R. Civ. P. 23(b)(3) A Class Action is a Superior Method of Resolution</u>: The questions of law and fact common to the Class predominate over any question affecting only individual members and a class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class including because:

1)    The interests of the members of the Class in individually controlling the prosecution or defense of separate actions show a class action is superior because Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class shows a class action is superior because the public policy

23

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected;

3)   The desirability or undesirability of concentrating the litigation of the claims in this particular forum shows a class action is superior because there is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained; and

4)   The difficulties likely to be encountered in the management of a class action show that a class action is superior including because the members of the Class are so numerous that it is impractical to bring all members of the class before the Court.

39.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice,

24

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

### Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked (Cal. Labor Code §§ 204, 1182.12, 1197, 1198 and IWC Wage Order No. 9-2001, § 4 or other applicable IWC Wage Orders)

40.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 39 in this Complaint, which are consistent with this cause of action.

41.    Pursuant to California Labor Code §§ 1182.12, 1197, 1198 and IWC Wage Order No. 9-2001, § 4 or other applicable IWC Wage Orders, California has fixed minimum wage rates, has required employers in California to pay their employees no less than the minimum for all hours worked in the payroll period, has provided that minimum wages for employees fixed by the IWC or by state law, is the minimum wage to be paid to employees, and that payment of a lower wage than the minimum so fixed is unlawful "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

42.    Plaintiff, Class Members and Aggrieved Employees are current and former non-exempt employees entitled to the protections of California Labor Code §§ 1182.12, 1197, 1198 and IWC Wage Order No. 2-9001, § 4 or other applicable IWC Wage Orders. At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

43.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

44.    By and through the conduct described above, Plaintiff and the Class have been

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

45.     By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

46.     By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

47.     Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

48.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

49.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## **SECOND CAUSE OF ACTION**

**Against all Defendants for Failure to Pay Overtime Wages)**

**(Cal. Labor Code §§ 510, 1198; IWC Wage Order No. 9-2001, § 3 or other**

**applicable IWC Wage Orders)**

50.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

consistent with this cause of action.

51.     Pursuant to California Labor Code §§ 510, 1198 and IWC Wage Order No. 9-2001, § 3 or other applicable IWC Wage Orders, California has required employers to pay their employees overtime wages. California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

52.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

53.     Plaintiff, Class Members and Aggrieved Employees are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1198 and IWC Wage Order No. 9-2001, § 3 or other applicable IWC Wage Orders. At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

54.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours.

55.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

56.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

to Plaintiff and the Class.

57.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

58.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## THIRD CAUSE OF ACTION

### Against All Defendants for Failure to Provide Meal Periods

### (Cal. Labor Code §§ 226.7, 512, 1198; IWC Wage Order No. 9-2001, § 11 or other applicable IWC Wage Orders)

59.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are consistent with this cause of action.

60.     Pursuant to California Labor Code §§ 226.7, 512, 1198 and IWC Wage Order No. 9-2001, § 11 or other applicable IWC Wage Orders, California required employers to provide meal periods or pay premiums in lieu thereof. Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during

28

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

any meal period mandated under any Wage Order.

61.   Plaintiff, Class Members and Aggrieved Employees are current and former non-exempt employees entitled to the protections of California Labor Code §§ 226.7, 512, 1198 and IWC Wage Order No. 9-2001, § 11 or other applicable IWC Wage Orders. Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

62.   Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

### Against All Defendants for Failure to Authorize and Permit Rest Periods

### (Cal. Labor Code §§ 226.7, 1198; IWC Wage Order No. 9-2001, § 12 or other applicable IWC Wage Orders)

63.   Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are consistent with this cause of action.

64.   Pursuant to California Labor Code §§ 226.7, 1198, and IWC Wage Order No. 9-2001, § 12 or other applicable IWC Wage Orders, California has required that employers shall authorize and permit all employees to take rest periods or pay premiums in lieu thereof. Defendants are required by California law to authorize and permit periods of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. Thus, for example, if an employee's work

29

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

time is 6 hours and ten minutes, the employee is entitled to two rest periods. Each failure to authorize rest periods as so required is itself a violation of California's rest period laws. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

65.    Plaintiff, Class Members and Aggrieved Employees are current and former non-exempt employees entitled to the protections of California Labor Code §§ 226.7, 1198, and IWC Wage Order No. 9-2001, § 12 or other applicable IWC Wage Orders. Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest periods, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

66.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest period(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

**Against All Defendants for Failure to Indemnify Necessary Business Expenses**

**(Cal. Labor Code § 2802(a), 1198; IWC Wage Order No. 9-2001, § 9 or other**

**applicable IWC Wage Orders)**

67.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are consistent with this cause of action.

68.    Pursuant to California Labor Code §§ 2802(a), 1198, and IWC Wage Order No. 9-2001, § 9 or other applicable IWC Wage Orders, California requires has required that employers indemnify employees for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee,

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

30

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

at the time of obeying the directions, believed them to be unlawful.

69.    Plaintiff, Class Members and Aggrieved Employees are current and former non-exempt employees entitled to the protections of California Labor Code §§ 2802(a), 1198, and IWC Wage Order No. 9-2001, § 9 or other applicable IWC Wage Orders. Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

70.    As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

71.    Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

## SIXTH CAUSE OF ACTION

### Against all Defendants for Failure to Pay Wages of Discharged Employees –

### Waiting Time Penalties

### (Cal. Labor Code §§ 201(a), 202, 203)

72.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are consistent with this cause of action.

73.    Pursuant to California Labor Code §§ 201(a), 202, and 203, California has required that employers pay their employees all wages earned and unpaid at the time of discharge or promptly thereafter. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

1    is entitled to his or her wages at the time of quitting.

2    74.    Plaintiff, Class Members and Aggrieved Employees are current and former

3    non-exempt employees entitled to the protections of California Labor Code §§ 201, 202

4    and 203. Within the applicable statute of limitations, the employment of Plaintiff and many

5    other members of the Class ended, i.e. was terminated by quitting or discharge, and the

6    employment of others will be. However, during the relevant time period, Defendants failed,

7    and continue to fail to pay terminated Class Members, without abatement, all wages

8    required to be paid by California Labor Code sections 201 and 202 either at the time of

9    discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

10    75.    Defendants' failure to pay Plaintiff and those Class members who are no

11    longer employed by Defendants their wages earned and unpaid at the time of discharge, or

12    within seventy-two (72) hours of their leaving Defendants' employ, is in violation of

13    California Labor Code §§ 201 and 202.

14    76.    California Labor Code § 203 provides that if an employer willfully fails to

15    pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

16    shall continue as a penalty wage from the due date, and at the same rate until paid or until

17    an action is commenced; but the wages shall not continue for more than thirty (30) days.

18    77.    Plaintiff and the Class are entitled to recover from Defendants their

19    additionally accruing wages for each day they were not paid, at their regular hourly rate of

20    pay, up to 30 days maximum pursuant to California Labor Code § 203.

21    78.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the

22    Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and

23    costs incurred in this action.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

Moon & Yang, APC
1055 Seventh Street,
Suite 1880
Los Angeles,
California 90017

32
First Amended Class and Representative Action Complaint

## SEVENTH CAUSE OF ACTION

**Against all Defendants for Failure to Provide and Maintain Accurate and**

**Compliant Wage Records**

**(Cal. Labor Code §§ 226(a), 226(e)(2)(B), 1198; IWC Wage Order No. 9-2001, § 7 or**

**other applicable IWC Wage Orders)**

79.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are consistent with this cause of action.

80.    Pursuant to California Labor Code §§ 226(a), 226(e)(2)(B), 1198, and IWC Wage Order No. 9-2001, § 7 or other applicable IWC Wage Orders, California has required that employers semimonthly or at the time of each payment of wages furnish each of its employees an accurate itemized wage statement. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.    Plaintiff, Class Members and Aggrieved Employees are current and former non-exempt employees entitled to the protections of California Labor Code §§ 226(a), 226(e)(2)(B), 1198, and IWC Wage Order No. 9-2001, § 7 or other applicable IWC Wage Orders. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the

33

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

82. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

83. Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

84. Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

85. Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

86. Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

### Against all Defendants for Violation of California's Unfair Competition Law
### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

87. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are consistent with this cause of action.

88. Pursuant to California Business and Professions Code §§ 17200, *et seq.*, sometimes called California's Unfair Competition Law ("UCL"), California has prohibited employers from engaging in unlawful, unfair or fraudulent business acts or practices, which

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

may include an employer's violations of the California Labor Code sections which prohibit employers from unlawfully withholding wages from an employee. Pursuant to § 17203, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Furthermore, § 17203 provides that any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure.

89.    Defendants, and each of them, are "persons" as defined under California Business and Professions Code § 17201.  Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

90.    A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq.*

<u>Failure to Pay Minimum Wages</u>

91.    Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business and Professions Code §§ 17200, *et seq.*

<u>Failure to Pay Overtime Wages</u>

92.    Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or

35

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    unfair activity prohibited by California Business and Professions Code §§ 17200, *et seq.*

2    ### Failure to Maintain Accurate Records of All Hours Worked

3    93.    Defendants' failure to maintain accurate records of all hours worked in

4    accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes

5    unlawful and/or unfair activity prohibited by California Business and Professions Code §§

6    17200, *et seq*.

7    ### Failure to Provide Meal Periods

8    94.    Defendants' failure to provide meal periods in accordance with California

9    Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes

10    unlawful and/or unfair activity prohibited by California Business and Professions Code §§

11    17200, *et seq*.

12    ### Failure to Authorize and Permit Rest Periods

13    95.    Defendants' failure to authorize and permit rest periods in accordance with

14    California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes

15    unlawful and/or unfair activity prohibited by California Business and Professions Code §§

16    17200, *et seq*.

17    ### Failure to Indemnify Necessary Business Expenses

18    96.    Defendants' failure to indemnify employees for necessary business expenses

19    in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged

20    above, constitutes unlawful and/or unfair activity prohibited by California Business and

21    Professions Code §§ 17200, *et seq*.

22    ### Failure to Provide Accurate Itemized Wage Statements

23    97.    Defendants' failure to provide accurate itemized wage statements in

24    accordance with California Labor Code § 226, as alleged above, constitutes unlawful

25    and/or unfair activity prohibited by California Business and Professions Code §§ 17200, *et*

26    *seq*.

27    98.    By and through their unfair, unlawful and/or fraudulent business practices

28    described herein, the Defendants, have obtained valuable property, money and services

36

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

99.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

100.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

101.    Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

102.    Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

103.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

104.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*,

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff, Class Members and Aggrieved Employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

### NINTH CAUSE OF ACTION

**Against all Defendants for Civil Penalties Under the Private Attorneys General Act**

**(Cal. Lab. Code §§ 2699,** *et seq.***)**

105.   Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 40 and the other preceding paragraphs in this Complaint, which are consistent with this cause of action.

106.   Pursuant to California Labor Code §§ 2698 *et. seq.,* also known as PAGA, California has stated that notwithstanding any other provision of law, any provision of the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the California Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in §§ 2699[1] and 2699.3.[2] At all times herein

---

[1] Pursuant to Labor Code § 2699 subdivision (a), California has stated: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

[2] Pursuant to Labor Code § 2699.5, California has stated: "The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, paragraphs (1) to (5), inclusive, (7), and (9) of subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b)

38

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

107.   California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

108.   Plaintiff has exhausted his administrative remedies pursuant to California Labor Code § 2699.3. On January 11, 2022, Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendant have violated against Plaintiff and certain current and former aggrieved employees, including the facts and theories to support the violations. Plaintiff also paid the filing fee. Plaintiff's PAGA case number is LWDA-CM-862197-22.

109.   More than 65 days have elapsed since Plaintiff provided notice, but the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Plaintiff may commence a civil action to recover penalties under Labor Code § 2699, pursuant to § 2699.3, for the violations of the Labor Code described in this Complaint. These penalties

of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, Sections 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.4, 6310, 6311, and 6399.7."

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

39
FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  include, but are not limited to, penalties under California Labor Code §§ 210, 226.3,

2  1197.1, and 2699(f)(2).

3      110.  In addition, Plaintiff seeks penalties for Defendants' violation of California

4  Labor Code § 1174(d). Pursuant to California Labor Code § 1174.5, any person, including

5  any entity, employing labor who willfully fails to maintain accurate and complete records

6  required by California Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant

7  to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing

8  when the employee begins and ends each work period. Meal periods, and total hours

9  worked daily shall also be recorded. Additionally, pursuant to the applicable IWC Order §

10  7(A)(5), every employer shall keep total hours worked in the payroll period and applicable

11  rates of pay.

12      111.  During the time period of employment for Plaintiff and the Aggrieved

13  Employees, Defendants failed to maintain records pursuant to the Labor Code and IWC

14  Orders by failing to maintain accurate records showing meal periods. Defendants' failure

15  to provide and maintain records required by the Labor Code IWC Wage Orders deprived

16  Plaintiff and the Aggrieved Employees the ability to know, understand and question the

17  accuracy and frequency of meal periods. Therefore, Plaintiff and the Aggrieved Employees

18  had no way to dispute the resulting failure to pay wages, all of which resulted in an

19  unjustified economic enrichment to Defendants. As a direct result, Plaintiff and the

20  Aggrieved Employees have suffered and continue to suffer, substantial losses related to the

21  use and enjoyment of such wages, lost interest on such wages and expenses and attorney's

22  fees in seeking to compel Defendants to fully perform their obligations under state law, all

23  to their respective damage in amounts according to proof at trial. Because of Defendants

24  knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff

25  and the Aggrieved Employees have also suffered an injury in that they were prevented from

26  knowing, understanding, and disputing the wage payments paid to them.

27      112.  Based on the conduct described in this Complaint, Plaintiff is entitled to an

28  award of civil penalties on behalf of himself, the State of California, and similarly

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

113.    In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendant, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action;

2.    That Plaintiff be appointed as the representative of the Class; and

3.    That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5.    For general unpaid wages as may be appropriate;

6.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.    For liquidated damages;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

/ / /

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11. For general unpaid wages at overtime wage rates as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

14. For such other and further relief as the Court may deem equitable and appropriate.

## As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

## As to the Fourth Cause of Action

20. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure §

42

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1021.5, and for costs of suit incurred herein; and

24.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

25.    That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26.    For general unpaid wages and reimbursement of business expenses as may be appropriate;

27.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28.    For reasonable attorneys' fees and for costs of suit incurred herein; and

29.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31.    For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

33.    For reasonable attorneys' fees and for costs of suit incurred herein; and

34.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

35.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

36.    For penalties and actual damages pursuant to California Labor Code § 226(e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38.    For reasonable attorneys' fees and for costs of suit incurred herein; and

39.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

40.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

41.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business and Professions Code §§ 17200 *et seq.*;

43.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

44.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code §§ 17200, *et seq.*; and

45.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Ninth Cause of Action</u>

46.    That the Court declare, adjudge and decree that Defendants violated the

44

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

California Labor Code by failing to pay all wages owed, including overtime, failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, failing to indemnify necessary business expenses, failing to timely pay final wages at termination, and failing to provide accurate itemized wage statements;

47.     For all civil penalties pursuant to California Labor Code §§ 2699, *et seq*., and all other applicable Labor Code provisions;

48.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699; and

49.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

50.     For any additional relief that the Court deems just and proper.

Dated: June 2, 2022                    Respectfully submitted,
                                       **MOON & YANG, APC**

                                       By: */s/ Roy K. Suh*
                                           KANE MOON
                                           ROY K. SUH

                                       Attorneys for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: June 2, 2022                    **MOON & YANG, APC**

                                       By: */s/ Roy K. Suh*
                                           KANE MOON
                                           ROY K. SUH

                                       Attorneys for Plaintiff

MOON & YANG, APC
1055 SEVENTH STREET,
SUITE 1880
LOS ANGELES,
CALIFORNIA 90017

45

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT